**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4707

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TREVOR ALLEN BOGGS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:20-cr-00285-D-1)

Argued:  December 10, 2024                     Decided:  April 30, 2025

Before NIEMEYER and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished opinion.  Judge Niemeyer wrote the opinion, in which Judge Heytens and Senior Judge Floyd joined.

**ARGUED:**  Eric Joseph Brignac, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  David A. Bragdon, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF:**  G. Alan DuBois, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, Jimmie I. Bellamy, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

NIEMEYER, Circuit Judge:

Trever Boggs was indicted in June 2020 for (1) possession of a firearm while knowing he had previously been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924; (2) possession of ammunition while knowing he had previously been convicted of a felony, in violation of the same; and (3) possession of a firearm while knowing it was stolen, in violation of *id.* §§ 922(j) and 924.  With respect to the first two charges, Boggs's indictment also alleged that he had "at least three previous convictions . . . for violent felonies, as defined in Title 18, United States Code, Section 924(e)(2)(B)," thus expressly referencing the sentencing enhancement under the Armed Career Criminal Act (ACCA).  That statute provides an enhanced range of penalties for a firearm offense violating § 922(g) — *i.e.*, a mandatory minimum of 15 years' imprisonment and a maximum of life — when the defendant has three previous convictions for a violent felony or a serious drug offense "committed on occasions different from one another."  *Id.* § 924(e)(1).  While Boggs's indictment gave Boggs notice of the ACCA enhancement, it did not specifically allege that his three violent felony convictions were for crimes that he had committed *on different occasions*.

Boggs pleaded guilty to all three counts, and at the plea hearing conducted to determine whether his plea was knowing and voluntary, the district court advised him with respect to the felon-in-possession counts that if he were found "not [to be] an armed career criminal," he would "face not more than ten-years imprisonment" for those charges.  But if he were "found to be an armed career criminal, the penalties [would] increase to not less than 15 years in prison and not more than life in prison."  Boggs confirmed that he

2

understood this and that he nonetheless wanted to plead guilty. The court found Boggs's plea to be knowing and voluntary and accordingly accepted it.

In the presentence report prepared for sentencing, the probation officer concluded that Boggs was indeed subject to ACCA's enhanced sentencing range based on his 12 prior North Carolina convictions for breaking and entering. State court records from those convictions, which were made part of the record in this case, showed that Boggs committed two breaking and enterings on April 18, 2012, and a third on April 19, 2012, all of residences on one street in Sanford, North Carolina. Boggs was arrested for those three offenses on June 1, 2012. Then, *nearly three months* after those first breaking and enterings and more than one month following his arrest, Boggs committed three more breaking and enterings — two on July 11, 2012, and an additional one on July 14, 2012. In a single proceeding conducted on August 14, 2012, Boggs pleaded guilty and was sentenced for all six convictions. *More than six years later*, in November 2018, Boggs was convicted of six additional breaking and entering offenses arising out of a string of breaking and enterings that he committed on February 5, 2018. Thus, the state court records showed that Boggs committed three crimes in April 2012; three crimes in July 2012; and six crimes in February 2018.

Before the district court, Boggs did not contest the accuracy of the offense dates listed in his state court records. Nor did he argue at the sentencing hearing that the district judge should find that the three crimes he committed in April 2012 and the three he committed in July 2012 were all part of a single criminal episode constituting one occasion, so as to render ACCA inapplicable. He did, however, object to the application of ACCA

3

on a constitutional ground, maintaining that sentencing him under the statute would violate his rights under the Fifth and Sixth Amendments because (1) his indictment had not alleged that his prior qualifying convictions were for offenses *committed on at least three different occasions* and (2) he had not waived his right to have a jury find that fact beyond a reasonable doubt when he pleaded guilty.  He argued that it followed from *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that these were constitutional errors that precluded the court from enhancing his sentence under ACCA.

Even though the government charged Boggs in his indictment with the ACCA enhancement, it agreed with him that it was required to allege more specifically the "different occasions" element of the ACCA sentencing enhancement and that the district court was required to advise Boggs at his plea hearing of his right to have that element found by a jury beyond a reasonable doubt.  But the government argued that the court should nonetheless impose a total sentence of 180 months' imprisonment regardless of whether ACCA applied, based upon the particular circumstances of Boggs's case.

The district court overruled Boggs's constitutional objection to the application of the ACCA sentencing enhancement, explaining that it was bound by our court's precedents on the issue, which held that district courts determine at sentencing both whether the defendant has three qualifying prior convictions and whether those convictions were for offenses committed on different occasions.  *See, e.g.*, *United States v. Thompson*, 421 F.3d 278, 285–86 (4th Cir. 2005).  Based on the state court records, the court then found that Boggs "clearly" had committed the breaking and entering offenses that resulted in his 12 convictions on at least three different occasions.  And it also found that the North Carolina

4

offense of breaking and entering qualified categorically as "burglary" and thus was an ACCA violent felony. After finding the ACCA sentencing enhancement applicable, the court sentenced Boggs to the statutory minimum of 180 months' imprisonment for his two felon-in-possession convictions and to a 120-month concurrent sentence for the possession of a stolen firearm conviction. The court also announced an alternative sentence — specifically, that "[i]n the alternative counterfactual universe" where ACCA did not apply, it would have found that the § 3553(a) sentence factors required the same sentence and therefore would have imposed concurrent sentences of 120 months on the two felon-in-possession counts, to be followed by a consecutive 60-month term on the stolen firearm count, resulting in the same 180-month sentence of imprisonment.

From the district court's judgment, Boggs filed this appeal, arguing that his Fifth and Sixth Amendment rights were violated by the procedures that the district court followed in applying the ACCA enhancement and that this constitutional error cannot be disregarded as harmless, requiring that he be resentenced without the ACCA enhancement.

Shortly after the parties completed briefing, the Supreme Court handed down its decision in *Erlinger v. United States*, 602 U.S. 821, 835 (2024), holding that a defendant is "entitled to have a jury resolve ACCA's occasions inquiry unanimously and beyond a reasonable doubt." *Erlinger* thus supported Boggs's constitutional argument that the failure to charge him in his indictment with the "different occasions" element of ACCA and the failure to advise him at his plea hearing that he had the right to have that element found by a jury beyond a reasonable doubt was error. The questions remained, however, whether the error was subject to harmless-error review and, if so, whether the error was

5

harmless in this case.  We allowed the parties to file supplemental briefs on those issues and scheduled this case for oral argument in seriatim with the argument we held in *United States v. Brown*, No. 21-4253, ___ F.4th ___ (4th Cir. April 29, 2025), where we considered the same issues.

In our decision in *Brown*, we recognized the *Erlinger* error there to be a violation of the Fifth and Sixth Amendments insofar as (1) the government failed to allege in the indictment the "different occasions" element of the ACCA sentencing enhancement and (2) the court failed to advise the defendant during his guilty-plea hearing that he had the right to have a jury find that element beyond a reasonable doubt, rather than the judge making the finding at sentencing.  *See Brown*, slip op. at 7.  We then held that that error was subject to harmless-error review.  *Id.* at 8–15.  Thus, we explained that the government had the burden to show, beyond a reasonable doubt, that had the defendant's indictment alleged the "different occasions" element and had the district court correctly advised the defendant at his plea hearing that he was entitled to have a jury find that element beyond a reasonable doubt, the defendant "would have nonetheless waived that right and admitted as part of his guilty plea that his prior offenses were committed on different occasions." *Id.* at 17.

Applying that harmless-error standard in *Brown*, we concluded that the *Erlinger* error presented there was indeed harmless where the defendant had never disputed (1) that his first violent felony conviction arose out of an armed robbery he committed in July 2007; (2) that his second violent felony conviction arose out of the armed robbery of a different victim in September 2007; and (3) that his third violent felony conviction arose out of a

6

robbery he committed in October 2012. *Brown*, slip op. at 4, 18–19. Based on those facts, we concluded that "[a]bsolutely no one would say" that the defendant had committed the two 2007 robberies on the same occasion and therefore that "there is no question" but that "a properly instructed jury" would have found the "different occasions" element satisfied. *Id.* at 20–21. And given that, we noted that we could not "fathom" that the defendant, if he had been properly advised by the court as to his jury-trial right on the occasions issue, would have traded the benefit of pleading guilty — namely, a three-level reduction of his offense level for acceptance of responsibility — for the "exceedingly remote" "possibility of a favorable verdict" on that issue, particularly where he had never sought to withdraw his guilty plea. *Id.* at 21. Accordingly, we were confident beyond a reasonable doubt that the *Erlinger* error did not affect the defendant's substantial rights and affirmed his ACCA-enhanced sentence of 180 months' imprisonment.

The case before us here is materially indistinguishable from *Brown*. Indeed, if anything, it is even clearer here that the *Erlinger* error in this case did "not affect [Boggs's] substantial rights" and hence "must be disregarded." Fed. R. Crim. P. 52(a). While Brown's indictment contained no allegation as to ACCA, the indictment here specifically alleged that Boggs's sentence was subject to an ACCA enhancement in that Boggs had "at least three previous convictions . . . for violent felonies, as defined in [18 U.S.C. § ] 924(e)(2)(B)." But while the government made clear its position that Boggs was subject to ACCA's enhanced statutory range, it did not specifically allege the "different occasions" element of the ACCA sentencing enhancement — *i.e.*, that his three prior violent felony convictions were for offenses "committed on occasions different from one another."

7

18 U.S.C. § 924(e)(1). Thus, the indictment did not precisely follow the holding of *Erlinger* recognizing ACCA's "different occasions" requirement as an element to be found by a jury. And relatedly, Boggs also was not advised at his plea hearing of his right to have the "different occasions" element found by a unanimous jury under the reasonable doubt standard.

But, just as in *Brown*, we conclude here that the *Erlinger* error was harmless beyond a reasonable doubt. Like Brown, Boggs knew full well when he pleaded guilty that if he were found to qualify for the ACCA sentencing enhancement, he would be sentenced under its enhanced penalty range. He was not, however, advised that he had the right to have a jury, rather than the sentencing judge, determine whether he had committed his 12 previous predicate crimes *on at least three different occasions*. Nonetheless, we cannot see how, had he been correctly informed of that right, it would have made any difference as to his decision to plead guilty.

Boggs has never disputed the accuracy of the offense dates documented in the state court records from his 12 prior convictions, despite having every incentive to do so at his federal sentencing had there been an error material to the "different occasions" issue. Those records showed (1) that over the course of two days in April 2012, Boggs committed breaking and enterings of three residences on a single street; (2) that *roughly three months later* and more than one month after his arrest for those first three crimes, he committed three more breakings and enterings over the course of four days in July 2012; and (3) that *more than five years after* those first six crimes, he committed six additional breaking and enterings on a single street on a single day in February 2018. Thus, he committed three

8

qualifying crimes in April 2012; three qualifying crimes in July 2012; and six qualifying crimes in February 2018.

To be sure, Boggs had good grounds to contend that the crimes he committed in April 2012 were committed on one occasion, as he could also contend with respect to the crimes he committed in July 2012 and those committed in February 2018. But he could not contend that the crimes he committed in April 2012 were on the same occasion as those he committed in July 2012, nor that either set was on the same occasion as those committed in February 2018. *See Wooden v. United States*, 595 U.S. 360, 366, 370 (2022) (holding that the word "occasion" in ACCA should be given its "ordinary meaning" and that a defendant's "one-after-another-after-another burglary of ten units in a single storage facility occurred on one 'occasion,' under a natural construction of that term" but that crimes committed "a day or more apart" "have nearly always" been treated as occurring "on separate occasions"); *see also Brown*, slip op. at 19–20.

As such, the practical reality is that there was virtually no chance of a jury's concluding anything other than that Boggs had committed his 12 breaking and entering offenses on at least three different occasions, even under the higher burden of proof applicable. And given the exceedingly long odds of a favorable verdict on the "different occasions" issue, we have no doubt that, had Boggs been correctly advised as to his right to a jury trial on that issue, he would have nonetheless waived that right and continued in his decision to plead guilty so as to secure the benefit of that plea, *i.e.*, the three-level reduction in his offense level for the purpose of calculating his advisory sentencing range under the Guidelines. *See Brown*, slip op. at 18–21.

9

In view of these conclusions, we need not reach the government's alternative harmless-error argument based on the district court's announcement that, as an alternative variance sentence, it would have imposed the same total sentence had ACCA not been applicable.

Accordingly, because we are confident beyond a reasonable doubt that the *Erlinger* error that occurred in Boggs's case had no effect on his substantial rights, *see* Fed. R. Crim. P. 52(a), the judgment of the district court accepting Boggs's guilty plea and sentencing him to a total of 180 months' imprisonment, as enhanced by ACCA, is affirmed.

AFFIRMED